IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARMANDO HERNANDEZ, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | No: 13-CV-00153 |
| v. ) | |
| ) | |
| CHICAGO POLICE OFFICER ) | Honorable Judge Harry D. Leinenweber |
| HERNANDEZ (Star #12289), ) | |
| CHICAGO POLICE OFFICER MCCLAIN ) | Magistrate Judge Jeffrey Cole |
| (Star #4915), and the CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | **JURY DEMANDED** |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 1**

**PLAINTIFF'S MOTION *IN LIMINE* TO BAR REFERENCE TO PLAINTIFF'S CRIMINAL CONVICTIONS AND PRIOR ARRESTS**

NOW COMES the Plaintiff, ARMANDO HERNANDEZ, JR., by and through his attorney Mary J. Grieb of the Shiller Preyar Law Offices, moves this Court to enter an order consistent with the following motion *in limine*, and in support, states as follows:

Introduction and Relevant Factual Background

1. Plaintiff now moves to bar 1) any reference to any and all of his prior arrests and 2) any reference to any misdemeanor convictions. Defendants failed to produce any evidence of Plaintiff's criminal history, including failing to produce his rap sheet or any certified dispositions. Evidence of prior arrests which did not result in convictions and criminal convictions which do not bear on truthfulness, are over ten years old, or are unfairly prejudicial is inadmissible.

2. In this case, Plaintiff alleges that Defendant Chicago police officers McClain and Hernandez stopped him without reasonable suspicion that he was committing a crime,

1

      used excessive force against him by sweeping his feet out from under him and slamming him to the ground after he was handcuffed, and arresting him falsely without probable cause after he was stopped by the defendants on July 22, 2012 near 70th and Ashland in Chicago. Plaintiff also claims that he was maliciously charged with reckless conduct in order to cover up the use of force and false arrest.

3. Plaintiff answered in his interrogatories and testified at his deposition that he has been arrested three times prior to this incident. The first arrest, he was convicted of jumping a CTA turnstile over ten years ago. The second arrest, in approximately 2002 to 2004, Plaintiff was arrested and charged with unlawful use of a weapon and aggravated assault. All charges against him were dismissed. Between 2003 and 2005, Plaintiff was arrested for failing to exercise due care and other minor traffic offenses. As a result of that arrest, he was convicted for failing to exercise due care and satisfactorily served a one year supervision. Plaintiff testified that he had no feelings of ill will towards any of the police officers who arrested him during these prior arrests, that they did nothing improper, and that they were just doing their jobs. Plaintiff also testified that he has received approximately seven traffic or ordinance violation tickets, for such offenses as speeding and using a cell phone while driving.

<u>Defendants' Failure to Comply with Rule 26</u>

4. As an initial matter, Defendants have failed to meet their discovery obligations in producing any evidence of Plaintiff's prior arrest record or convictions. Pursuant to FRCP Rule 26 and Rule 37, Defendants should not be allowed to introduce such evidence at trial, substantively or as impeachment.

<u>Plaintiff's Prior Arrests</u>

5. Plaintiff has three arrests prior to the case at bar and has received approximately seven traffic or ordinance violation tickets. It is well-settled law that arrests that do not result in convictions are inadmissible in civil rights cases and that arrests that do not lead to convictions are "classic candidates for exclusion under FRE 404(b)." *Gregory v. Oliver,* 2003 WL 1860270, at *1 (N.D. Ill. April 9, 2003). Even an indirect reference to arrests is improper. *Anderson v. Sternes,* 243 F.3d 1049, 1054 (7th Cir. 2001). An arrest without conviction "is a matter of slight probative value…" and "such inquiries threaten more to confuse than to enlighten." *Jones v. Scientific Colors, Inc.,* 2001 WL 668943, at *2 (N.D. Ill. 2001). Using an arrest record to show a civil rights plaintiff was acting in conformity with the character demonstrated by the prior arrests is in contravention of Fed.R.Evid. 404(b). *Blessing v. Kulak,* 1988 WL 67637, at *1 (N.D. Ill. June 22, 1988).

6. Furthermore, Plaintiff's arrests or ordinance violation tickets are not relevant to his damages. To allow evidence of Plaintiff's subsequent arrests for the limited purpose of attacking his claim for emotional damages would simply be unfairly prejudicial to Plaintiff, whom the jury could decide had bad character and was undeserving of the Constitution's protection. See *Seidelman v. Gomez*, 12-cv-6725, pp. 4-5 (N.D. Ill. February 21, 2014, J. Kennelly) (in an excessive force and false arrest case, barring evidence of prior arrests and drug possession conviction under Rule 403 because it had "precious little probative value, if it has any at all."). *See also Zitzka v. Village of Westmont*, 2011 WL 4738249, *3 07-CV-0949 (N.D. Ill., October 7, 2011, J. Schenkier) (rejecting the contention that a plaintiff's prior arrest or conviction record is relevant any time the plaintiff in a subsequent case seeks compensatory damages

for alleged police misconduct). Therefore, Plaintiff moves to bar any reference to any of his arrests that did not lead to a conviction.

Plaintiff's Two Misdemeanor Convictions

7. Federal Rule of Evidence 609(a) provides that, for purpose of attacking a witness's character for truthfulness, evidence that a person has been convicted of a felony "must be admitted, *subject to Rule 403*, in a civil case or in a criminal case in which the witness is not a defendant." Fed.R.Evid. 609(a)(1)(A). (emphasis added). Furthermore, evidence of any crime, regardless of punishment, is admissible "if the court can readily determine that establishing the elements of the crime required proving (or the witness's admitting) a dishonest act or false statement. Fed.R.Evid. 609(a)(2).

8. If more than ten years have passed since the conviction or release from confinement, Federal Rule of Evidence 609(b) governs, and the conviction is admissible only if its probative value substantially outweighs its prejudicial effect and the proponent gave the adverse party reasonable written notice of the intent to use such a conviction. Fed.R.Evid. 609(b).

9. Rule 403 provides that although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed.R..Evid. 403.

10. Plaintiff has never been convicted of a felony.

11. Under Rule 609(b), Plaintiff's 2003-2005 conviction for failing to exercise due care and earlier conviction for jumping a CTA turnstile are over ten years old (or nearly

over ten years old) and provide no probative value whatsoever to his character for truthfulness. The danger of unfair prejudice to Plaintiff is great if the jury hears about his two minor convictions, both of which happened when he was a teenager or in his very early 20s (Plaintiff is now 33).

12. Additionally, Defendants have not given Plaintiff any written notice of their intent to offer such convictions; nor have they provided certified copies of any convictions.

13. Absent any particular evidence regarding the circumstances of the arrest leading to that conviction, the risk of unfair prejudice is great. *See e.g. Chistmas v. Sanders,* 759 F.2d 1284 (7th Cir. 1985) (references to prior convictions were unduly prejudicial to the plaintiffs because it invites the jury to make an inference of the witness's credibility based on the propensity to commit such an act).

14. Finally, Plaintiff's two misdemeanor convictions do not involve dishonesty or a false statement within the meaning of Rule 609(a)(2). *See Clarett v. Roberts*, 657 F.3d 664, 669 (7th Cir. 2011) (retail theft is generally not a crime of dishonesty for the purposes of Rule 609(a)(2) in the Seventh Circuit); *United States. v. Smith*, 181 F. Supp. 2d 904, 909 (N.D. Ill. 2002) (requiring "false statements or acts of deceit above and beyond the basic crime itself" for burglary, theft, and drug possession); *United States v. Rodriguez-Andrade*, 62 F.3d 948, 952 (7th Cir. 1995) (burglary and trespass convictions are "unrelated to [defendant's] ability to tell the truth" without specific false statements or dishonesty).

15. Moreover, admitting such convictions would undermine the purposes of the 1990 amendments to the Rules, which noted the "undesirable results" of admitting

5

convictions in civil cases that have little to do with credibility. Advisory Committee Note to 1990 Amendments.

16. In sum, whatever marginal impeachment effect might be added by allowing in Plaintiff's convictions is substantially outweighed by the unfair prejudice of suggesting to the jury that Plaintiff is a bad person who does not deserve any consideration of his claims. *Charles v. Cotter*, 867 F.Supp 648, 656 (N.D. Ill. 1994). *See also Devenport v. DeRobertis,* 653 F.Supp. 649, 659 (N.D.Ill.1987), *modified on other grounds and aff'd,* 844 F.2d 1310 (7th Cir.), *cert. denied,* 488 U.S. 908 (1988).

WHEREFORE Plaintiff respectfully requests that this Honorable Court enter an order barring Defendants from referencing or introducing evidence of Plaintiff's criminal convictions and prior arrests which did not result in convictions.

    Respectfully submitted,

    s/ Mary J. Grieb
    Mary J. Grieb

    Shiller Preyar Law Offices
    1100 W. Cermak, Suite B401
    Chicago, IL 60608
    (312) 226-4590

**CERTIFICATE OF SERVICE**

The undersigned Mary J. Grieb hereby certifies that a copy of the foregoing was served upon all opposing counsel via the CM/ECF email system.

Respectfully submitted,

_____s/ Mary J. Grieb_____

Mary J. Grieb
Shiller Preyar Law Offices
1100 W. Cermak, Suite B401
Chicago, IL 60608
(312) 226-4590