IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ARMANDO HERNANDEZ, JR. | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | No: 13-CV-00153 |
| v. | ) ) | |
| CHICAGO POLICE OFFICER HERNANDEZ (Star #12289), | ) ) | Honorable Judge Harry D. Leinenweber |
| CHICAGO POLICE OFFICER MCCLAIN (Star #4915), and the CITY OF CHICAGO, | ) ) ) | Magistrate Judge Jeffrey Cole |
| Defendants. | ) ) | **JURY DEMANDED** |

## PLAINTIFF'S RULE 50(a)MOTION FOR JUDGMENT AS A MATTER OF LAW ON HIS ILLEGAL SEIZURE CLAIM

NOW COMES Plaintiff, ARMANDO HERNANDEZ, JR., by and through his attorneys, Mary J. Grieb of the Shiller Preyar Law Offices and James A. Shapiro with the instant Motion for judgment as a matter of law under FRCP Rule 50(a) on Plaintiff's Illegal Seizure Claim. In support thereof, Plaintiff states as follows:

Plaintiff has presented his case in chief. Defendants have presented their own case. Based on the evidence presented therein, and construing the facts in the light most favorable to Defendants, the Defendants lacked reasonable suspicion to initially stop and seize Plaintiff as a matter of law. For that reason, a directed verdict for Plaintiff should be granted on the illegal seizure claim.

### STANDARD

A judgment can be entered as a matter of law if during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that part on an issue. Fed. R. Civ. P. 50. The evidence must be viewed in the light most favorable to the non-moving party and the Court must determine whether the evidence is

1

sufficient to sustain a verdict in favor of the non-moving party. *Hammond Group, Ltd. V. Spalding & Evanflo Companies*, Inc., 69 F. 3d 845, 848 (7th Cir. 1995).

**ARGUMENT**

Viewing all facts and testimony in the light most favorable to Defendants, Defendants Hernandez and McClain unlawfully seized the Plaintiff when they initially came upon him and ordered him to take his hands out of his pockets without reasonable suspicion that a crime had been or was being committed.

To state a claim under 42 U.S.C. § 1983, Plaintiffs must allege that: (1) Defendants deprived them of a right secured by the Constitution and laws of the United States, and (2) Defendants acted under color of state law. *Starnes v. Capital Cities Media, Inc*., 39 F.3d 1394, 1396 (7th Cir.1994). The Fourth Amendment ensures "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." The Fourth Amendment applies to state actors, as a result of the Fourteenth Amendment, which requires that the states not "deprive any person of life, liberty, or property, without due process of law." A Section 1983 violation of the 4th and 14th amendment occurs when a state actor who, "under color of [law] ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

As a general rule, all seizures must be reasonable, and the reasonableness of a seizure depends on a balance between the public interest and the individual's right to personal security free from arbitrary interference from law enforcement officers. *United States v. Brignoni–Ponce,* 422 U.S. 873, 878 (1975). A person may not be seized unless there are reasonable, objective

grounds for doing so. *People v. Brownlee*, 186 Ill. 2d 501, 517-18, 713 N.E.2d 556, 564-65 (1999).

A seizure within the meaning of the Fourth Amendment occurs "whenever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person." *Terry v. Ohio,* 392 U.S. 1, 16 (1968). Of course, a seizure does not occur every time a police officer approaches someone to ask a few questions. *Florida v. Bostick,* 501 U.S. 429, 111 S. Ct. 2382, 115 L. Ed. 2d 389 (1991). However, if a reasonable person, under the circumstances, would have believed that [he/she] was not free to end the encounter, then at that point the encounter has turned into a "stop" that counts as a "seizure" for purposes of the Fourth Amendment. *United States v. Mendenhall*, 446 U.S. 544 (1980). In determining whether a person feels free to the end the encounter, the court will consider both the officers' physical force and show of authority upon the seized individual. *California v. Hodari D.*, 499 U.S. 621, 625, (1991).

First, it is clear that the Plaintiff was seized within the meaning of the Fourth Amendment when the Officers exited their vehicle after ordering Plaintiff to remove his hands from his pockets. Both the Plaintiff and the officers testified to this fact. The show of authority alone is enough to constitute a seizure at the point when the officers gave Plaintiff an order.

Next, the only question then becomes whether Defendants had a reasonable suspicion that Plaintiff had committed or was about to commit a crime at the moment they asked him to take his hands out of his pockets. Defendant Hernandez testified that he saw Plaintiff swearing, balling up his fists, looking angry, yelling racial slurs, walking on the sidewalk near the curb and that he was a Hispanic man in a largely African-American neighborhood. Assuming that everything Hernandez testified to is true, nothing about Plaintiff's conduct gave Defendant

Hernandez reasonable suspicion to believe that Plaintiff had committed or was about to commit a crime.

For her part, Defendant McClain also testified that she saw Plaintiff swearing, using racial slurs, balling up his fists and was shocked to see a Hispanic man in a predominantly African-American neighborhood. As stated above, none of that conduct is illegal and thus did not give Defendants reasonable suspicion to seize Plaintiff. Defendant McClain also testified that she saw Plaintiff walking in and out of the street on Ashland Ave., causing two to three cars to swerve. Even that conduct, taken as true for purposes of this motion, does not give rise for reasonable suspicion that a crime has been or is about to be committed.

Under *Terry*, a police officer may stop and question an individual if the officer has a reasonable suspicion that the individual is engaged in criminal conduct. *Terry v. Ohio,* 392 U.S. 1, 21-22 (1968). In deciding whether reasonable suspicion existed, courts should "consider the totality of the circumstances as they were presented to the officer at the time of the encounter." *United States v. Scheets,* 188 F.3d 829, 837 (7th Cir.1999) (internal citation omitted). Reasonable suspicion is satisfied if, at the time of the stop, "specific and articulable facts," along with the officer's reasonable inferences from those facts, warrant the stop. *Terry,* 329 U.S. at 21-22. A "hunch" or general suspicion that a suspect is engaging in criminal activity will not justify a *Terry* stop. *United States v. Brown,* 188 F.3d 860, 864 (7th Cir.1999).

The Defendants ultimately charged the Plaintiff with reckless conduct. However, when they initially exited their vehicles and ordered Plaintiff to take his hands out of his pockets, Defendants had no reasonable suspicion that the Plaintiff was or had been committing that crime.

     a. <u>None of The Conduct Defendants Observed Amounted to Reasonable Suspicion that Plaintiff was Committing the Crime of Reckless Conduct</u>

Under Illinois law, [a] person commits reckless conduct when he or she, by any means lawful or unlawful, recklessly performs an act or acts that: (1) cause bodily harm to or endanger the safety of another person;" *720 ILCS 5/12-5* (West 2011). "A person is reckless or acts recklessly, when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, described by the statute defining the offense; and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." 720 ILCS 5/4–6 (West 2002); *People v. Watkins*, 361 Ill. App. 3d 498, 500, 837 N.E.2d 943, 945 (2005).

Clearly, being a Hispanic man in traditionally African American neighborhood does not satisfy the elements of reckless conduct. Moreover, yelling profanity and "balling up" one's fists certainly does not cause bodily harm or endanger the safety of another person. As a result, the only fact left is that the Plaintiff waived his hands in the air which caused other cars to swerve. Notably, the Defendants' testified that they were concerned for the safety of the *Plaintiff*. They were not concerned with the safety of the passing motorists. For that reason alone, the final element of reckless conduct is not met. As such, the Officers could not have reasonable suspicion that he was committing the crime of reckless conduct.

b. <u>None of The Conduct The Defendants Observed Amounted to Reasonable Suspicion that Plaintiff was Committing the Crime of Disorderly Conduct</u>

In Illinois, a person commits the crime of disorderly conduct when he knowingly, (1) does any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace. 720 ILCS 5/26-1.) What is reasonable must always depend upon the particular case. *City of Chicago v. Wender*, 46 Ill. 2d 20, 24, 262 N.E.2d 470, 472 (1970). However, "the relationship between the alleged conduct and the public order must be clearly shown." *People v. Ellis*, 141 Ill. App. 3d 632, 633, 491 N.E.2d 61, 62 (1986). Further, the law requires that the

5

conduct "must actually bring about a breach of the peace and not merely tend to do so. *People v. Allen*, 288 Ill. App. 3d 502, 506, 680 N.E.2d 795, 798 (1997).

Illinois courts have consistently held that vulgar language does not amount to criminal disorder. *People v. Douglas*, 29 Ill. App. 3d 738, 742, 331 N.E.2d 359, 363 (1975). Moreover, "arguing with a police officer, even if done loudly, will not of itself constitute disorderly conduct." *People v. Gentry*, 48 Ill. App. 3d 900, 905, 363 N.E.2d 146, 150 (1977). Thus, even when Plaintiff responded to the Officer's request to remove his hands from his pockets by saying "fuck you" or "leave me alone, I'll do whatever the fuck I want" the officers still did not have reasonable suspicion to believe that Plaintiff was committing the crime of disorderly conduct. Similarly, if Plaintiff was yelling racial slurs and other profanities as the Defendants' testified, this still does not constitute a crime under this statute, so there could not have been reasonable suspicion that this crime was being committed. Further, there was no testimony that anyone heard the Plaintiff use profanities other than the Defendants themselves, so even if he was yelling racial slurs, there was no indication that the language caused any public disorder whatsoever. Moreover, being a Hispanic man in a black neighborhood or "balling up" one's fists is unquestionably not alarming or disturbing within the meaning of the statue.

Here again, we are left with Defendant McClain's allegations that Plaintiff was waving his arms at passing motorists causing two or three cars to swerve. This does not amount to disorderly conduct because two or three cars swerving out of the way, does not amount to public disorder. Moreover, there is absolutely no evidence that the Plaintiff's conduct actually brought about a breach of the peace. In fact, the trial testimony revealed that the incident occurred in early morning hours with no civilian witnesses or complainants.

Based on the foregoing, and taking their own testimony as true at this stage of the proceedings, Defendants did not have reasonable suspicion to believe that the Plaintiff was committing the crime of reckless conduct or disorderly conduct or any other crime when they initially exited the vehicle and seized him.

WHEREFORE, Plaintiff respectfully requests this Court grant Plaintiff's Motion for Judgment as a Matter of Law, pursuant to Fed. R. Civ. Pr. 50, for Plaintiff's unlawful seizure claim.

Respectfully requested,

s/Mary J. Grieb

Mary J. Grieb
The Shiller Preyar Law Offices
1100 W. Cermak, Suite B401
Chicago, IL 60608
(312) 226-4590

**CERTIFICATE OF SERVICE**

The undersigned Mary J. Grieb hereby certifies that a copy of the foregoing was served upon all opposing counsel via the EM/ECF email system.

Respectfully submitted,

_____s/ Mary J. Grieb_____

Mary J. Grieb
Shiller Preyar Law Offices
1100 W. Cermak, Suite B401
Chicago, IL 60608
(312) 226-4590