**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CMC

FILED

MAY 2 9 2014

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

| | | |
|---|---|---|
| ARMANDO HERNANDEZ, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No: 13-CV-00153 |
| v. | ) | |
| | ) | |
| CHICAGO POLICE OFFICER | ) | Honorable Judge Harry D. Leinenweber |
| HERNANDEZ (Star #12289), | ) | |
| CHICAGO POLICE OFFICER MCCLAIN | ) | Magistrate Judge Jeffrey Cole |
| (Star #4915), and  the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

**JURY INSTRUCTIONS**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion, to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

In this case, Mark Hernandez and Joy McClain are police officers and the City of Chicago is a municipality. All parties are equal before the law. Police officers and municipalities are entitled to the same fair consideration that you would give to an individual person.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

I have taken judicial notice of certain facts. You must accept those facts as proved.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases direct evidence and circumstantial evidence. Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, I was outside a minute ago and I saw it raining. <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the witness's age; and

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by the parties and witnesses under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

It is proper for a lawyer to meet with any witness in preparation for trial.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Plaintiff brings four claims:

First, Plaintiff Armando Hernandez, Jr. claims that Defendant Mark Hernandez used excessive and unreasonable force against him in violation of the Constitution of the United States.

Second, Plaintiff Armando Hernandez, Jr. claims that Defendant Joy McClain is liable for failing to intervene to prevent the use of excessive force in violation of the Constitution of the United States.

Third, Plaintiff Armando Hernandez, Jr. claims that Defendants Hernandez and McClain seized and arrested Plaintiff without probable cause or any other justification in violation of the Constitution of the United States.

Fourth, Plaintiff Armando Hernandez, Jr. claims that Defendants Hernandez and McClain and the City of Chicago are liable for malicious prosecution under Illinois state law for charging him with reckless conduct.

Defendants deny all of these claims.

Plaintiff must prove by a preponderance of the evidence that Mark Hernandez and Joy McClain were personally involved in the conduct that Plaintiff complains about. You may not hold Mark Hernandez and Joy McClain liable for what other individuals did or did not do.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

In this case, Plaintiff claims that Defendants Hernandez and McClain illegally seized him. To succeed on this claim, Plaintiff must prove the following by a preponderance of the evidence:

1. Defendants Hernandez and McClain stopped and detained Plaintiff, and
2. Defendants Hernandez and McClain did not have a reasonable suspicion that Plaintiff was committing a crime when they stopped and detained him.

A reasonable suspicion requires more than a hunch but less than probable cause and considerably less than preponderance of the evidence.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to the Defendant you are considering, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove this by a preponderance of the evidence, then you should find for Defendants Hernandez and McClain, and you will not consider the question of damages.

In this case, Plaintiff claims that Defendants Hernandez and McClain falsely arrested him. To succeed on this claim, Plaintiff must prove each of the following by a preponderance of the evidence:

1.      Defendants Hernandez and McClain did not have probable cause to arrest Plaintiff.

A person has been arrested if, through the use of physical force or the show of authority, his freedom of movement is restrained. A person has been arrested if, in light of all of the facts and circumstances of the particular case, a reasonable person would have believed that at the time in question the person arrested was not free to leave.

If you find that Plaintiff has proved this by a preponderance of the evidence as to the Defendant you are considering, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove this by a preponderance of the evidence, then you should find for Defendants Hernandez and McClain, and you will not consider the question of damages.

Let me explain what "probable cause" means. There is probable cause for an arrest if at the moment the arrest was made, a prudent person would have believed that Plaintiff had committed a crime. In making this decision, you should consider what Defendant knew, what reasonably trustworthy information Defendant had received, and what all of the arresting officers collectively knew at the time of the arrest.

It is not necessary that Defendants have probable cause to arrest Plaintiff for reckless conduct, so long as Defendants had probable cause to arrest him for some criminal offense.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendants' belief was probably right. The fact that the reckless conduct charge against the Plaintiff was later dismissed does not by itself mean that there was no probable cause at the time of his arrest.

Plaintiff alleges that Defendants Hernandez and McClain committed malicious prosecution for charging him with reckless conduct. To succeed on this claim, Plaintiff has the burden of proving the following elements by a preponderance of the evidence. You are to consider the elements for each claim separately as to each Defendant:

1. That Defendants Hernandez and McClain commenced or continued a criminal proceeding against Plaintiff; and

2. That Defendants Hernandez and McClain commenced or continued a criminal proceeding against Plaintiff without probable cause; and

3. That Defendants Hernandez and McClain acted with malice; and

4. That the proceeding terminated in favor of Plaintiff; [The parties agree that the proceeding terminated in favor of Plaintiff] and

5. That Plaintiff suffered damages as the result; and

6. That Defendants Hernandez and McClain's conduct was willful and wanton.


If you find that Plaintiff has proved each of these elements by a preponderance of the evidence as to Defendants Hernandez and McClain, then you should find for Plaintiff and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff did not prove any of these things by a preponderance of the evidence, then you should find for Defendants Hernandez and McClain and you will not go on to consider the question of damages for this claim.

In a claim for malicious prosecution, Illinois law defines "malice" as the initiation of a criminal prosecution for any reason other than to bring the accused person to justice.

In order to find malice, you must find that the criminal proceeding against Plaintiff was commenced or continued by Defendant for the purpose of injuring Plaintiff, or for any purpose other than to prove Plaintiff committed a criminal offense. The term "malice" is not to be considered in the sense of spite or hatred against an individual. In determining whether Defendants acted maliciously, you may consider all the circumstances at the time of the conduct complained of, including any lack of probable cause to commence and continue the proceeding.

In a malicious prosecution claim, "probable cause" is a state of facts that would lead a person of ordinary caution and prudence to believe, or to entertain an honest and strong belief, that the person arrested committed the specific offense charged.

Under Illinois criminal law, a person commits reckless conduct when he, by any means lawful or unlawful, recklessly performs an act or acts that cause bodily harm to or endanger the safety of another person.

The fact that charges against the plaintiff were dismissed does not by itself mean that there was no probable cause to commence the prosecution against Armando Hernandez.

When I use the expression "willful and wanton conduct," I mean a course of action which shows actual or deliberate intention to harm or which, if not intentional, shows an utter indifference to or conscious disregard for Plaintiff's rights.

For Plaintiff's state-law claim for malicious prosecution, Defendants Hernandez and McClain are sued as agents and the City of Chicago is sued as principal. If you find that Defendant Hernandez or McClain are liable for malicious prosecution, then you must find that the Defendant City of Chicago is also liable for that claim.

However, if you find that neither Defendant Hernandez nor McClain is liable, then you must find that Defendant City of Chicago is not liable.

If you find that Plaintiff has proven any of his claims against any of the defendants, then you must determine what amount of damages, if any, Plaintiff is entitled to recover on those claims.

If you find that Plaintiff has failed to prove all of his claims, then you will not consider the question of damages.

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate the Plaintiff for any injury that you find he sustained as a direct result of the Constitutional and Illinois state law violations against Plaintiff. These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the mental *& physical* aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. The physical, mental, and emotional pain and suffering, and loss of a normal life that Plaintiff has experienced.

2. Reasonable attorneys' fees paid for representation against the reckless conduct charges.

3. The reasonable expense of necessary medical care, treatment and services received.

No evidence of the dollar value of mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

If you find for Plaintiff on any of his claims, you may, but are not required to, assess punitive damages against Defendants Hernandez and/or McClain. The purposes of punitive damages are to punish him or her for his or her conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against any of the Defendants. You may assess punitive damages only if you find that his or her conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendants' conduct;

- the impact of Defendants' conduct on Plaintiff;

- the relationship between Plaintiff and Defendants;

- the likelihood that Defendants would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiffs suffered.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

       The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

       You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

       All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

In this case, Plaintiff claims that the Defendant Mark Hernandez used excessive force against him. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Defendant Mark Hernandez used unreasonable force against Plaintiff;
2. Because of Defendant's unreasonable force, Plaintiff was harmed.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages. If, on the other hand, you find that Plaintiff did not prove any one of these things by a preponderance of the evidence, then you should find for Defendants, and you will not consider the question of damages.

You must decide whether Defendant Hernandez's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendant faced. You must make this decision based on what the officer knew at the time of the incident, not based on what you know now. In deciding whether a Defendant's use of force was unreasonable, you must not consider whether that Defendant's intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

In determining whether the use of force was reasonable you should consider all of the circumstances surrounding the incident, including the following factors:

- the need for the use of force;

- the relationship between the need for the use of force and the amount of force used;

- the extent of the plaintiff's injury;

- any efforts made by the defendant to temper or limit the amount of force;

- the severity of the crime at issue;

- the threat reasonably perceived by the defendant;

- whether the plaintiff was actively resisting arrest or was attempting to evade arrest by fleeing.

To succeed on his failure to intervene claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1) Defendant Hernandez used excessive force on Plaintiff
2) Defendant McClain knew that Defendant Hernandez was using excessive force on Plaintiff;
3) Defendant McClain had a realistic opportunity to do something to prevent harm from occurring;
4) Defendant McClain failed to take reasonable steps to prevent harm from occurring; and
5) Defendant McClain's failure to act caused Plaintiff to suffer harm;

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant McClain, and you will not consider the question of damages.